Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3376 | **DATE** | 2/11/2013 |
| **CASE TITLE** | C&C Power, Inc. vs. C&D Technologies, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for a stay [30] is granted. In view of the stay, Defendants' motion to dismiss [21] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In May 2012, Plaintiff filed a complaint alleging that Defendants are infringing U.S. Patent No. 8,100,271 ('271 Patent). Defendants moved to dismiss [21]. Soon after, Defendant Diversified Assembly Technologies Corporation (DAT) filed a request for *inter partes* reexamination before the United States Patent and Trademark Office (PTO), and that request was granted. Currently before the Court is Plaintiff's motion to stay the case [30] until the PTO completes its reexamination. DAT opposes the stay. Although DAT concedes that reexamination could moot or simplify the case, it nevertheless contends that the Court should defer consideration of a stay until Defendants' motion to dismiss has been fully briefed and decided.

As the parties recognize, the Court has "inherent power to manage [its] dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to enter such a stay, courts consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharmaceutical Prods., Inc. v. Atrix Laboratories, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004).

Sections 302 and 303 of Title 35 of the U.S. Code permit any person to request that the PTO reexamine the validity of an unexpired U.S. patent when prior art patents or publications raise "a substantial new question of patentability." See 35 U.S.C. §§ 302-303. Once the PTO grants the reexamination request, a patent examiner must conduct the reexamination "with special dispatch." 37 C.F.R. §§ 1.525, 1.550(a). The Federal Circuit has explained that "'special dispatch' envisions some type of unique, extraordinary, or accelerated movement." *Ethicon*, 849 F.2d at 1428. A party may appeal the PTO's determination of validity to the Board of Patent Appeals and Interferences.

In enacting the reexamination procedure, Congress sought to create an inexpensive, expedient means of determining patent validity to which courts could defer in patent infringement cases. See H.R. Rep. 96-

1307(I) (Sept. 9, 1980); see also *Ingro v. Tyco Indust., Inc.*, 227 U.S.P.Q. 69, 70 (N.D. Ill. 1985). Courts have cautioned that parties may not "abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation." *Ingro*, 227 U.S.P.Q. at 70 (quoting *Digital Magenetic Systs., Inc. v. Ansley*, 213 U.S.P.Q. (BNA) 290 (W.D. Okla. 1982)). However, when a case has not proceeded past the initial stages of litigation, "the reexamination procedure should be utilized." *Id.* Indeed, the reexamination procedure may be beneficial to both the parties and the court in a patent infringement dispute, as "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

When the PTO grants a request for reexamination, the PTO may not stay the reexamination pending the outcome of any parallel proceedings in federal court. See generally *Ethicon*, 849 F.2d 1422. However, a court, in the exercise of its discretion, may stay the litigation pending the outcome of the reexamination proceedings. Indeed, as noted above, Congress appears to have recognized that discretionary stays of litigation may be warranted to allow reexaminations to proceed as an "alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner." H.R. Rep. 96-1307(I) (Sept. 9, 1980); see also *Emhart Indust., Inc. v. Sankyo Seiki Mfg. Co., Ltd.*, 1987 WL 6314, at *1 (N.D. Ill. Feb. 2, 1987) (observing that "a stay operates to shift to the PTO a significant issue, patent claim validity, involved in the dispute before the Court"). With this in mind, the Court turns to the parties' arguments concerning the request for a stay of this litigation.

Plaintiff makes three points in support of its motion to stay the case: (1) reexamination could moot or simplify the case; (2) because the case is relatively new — discovery is not yet underway and Defendants' motion to dismiss is not yet fully briefed — a stay will not waste or interrupt significant efforts of the Court or parties, see, *e.g.*, *GPS Industries, Inc. v. Pro Link Solutions*, 2009 WL 8591841, at *1 (N.D. Ill. Feb. 25, 2009) (stay pending reexamination issued where case was in its "infancy" and "no discovery had taken place and the parties [had] not filed any substantive motions" ); *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *4 (N.D. Ill. Apr. 23, 2008) (granting stay in light of the fact that, among other things, "[n]o discovery has been conducted and little judicial effort has been expended"); and (3) DAT cannot be heard to argue that it will be prejudiced by a stay because DAT itself sought reexamination, see *Genzyme Corp. v. Cobrek Pharmaceuticals*, 2011 WL 686807, at *3 (N.D. Ill. Feb. 17, 2011).

DAT concedes Plaintiff's first two points. DAT nevertheless believes that it would be prejudiced by a stay because it would unduly delay a ruling on Defendants' motion to dismiss. DAT argues that it has such a simple and powerful argument for dismissal under Rule 12(b)(6) that it would be unfair for the Court *not* to consider it now. According to DAT, Plaintiff's patent is for a "tiered battery cabinet"; Defendants' cabinet is not tiered; *ergo*, Defendants could not have infringed Plaintiff's patent. Plain and simple. In other words, if the Court were to set a briefing schedule for Defendants' motion to dismiss, the briefs would reveal that Defendants' arguments easily overwhelm Plaintiff's claims, and this entire case could be concluded in a matter of weeks. If the Court instead grants a stay pending reexamination, DAT would likely have to wait years for a resolution.

As to the amount of time DAT fears it would have to wait, DAT asserts that "[s]tatistically *inter partes* reexaminations are averaging over three years." [32 at 6]. And three years, DAT suggests, is too long to wait. The Court will not credit DAT's unsupported "statistical" assertion, but even if three years were the average duration of PTO reexamination, district courts have consistently explained that, *without more*, delay that

| STATEMENT |
|---|

inheres in the reexamination process itself does not constitute undue delay. See, *e.g.*, *Hill-Rom Services, Inc. v. Stryker Corp.*, 2012 WL 5878087, at *2 (S.D. Ind. Nov. 20, 2012) ("It is well-established that the delay inherent in the reexamination process by itself does not constitute undue prejudice."); *Cascades Computer Innovation, LLC v. SK Hynix, Inc.*, 2012 WL 2086469, at *1 (N.D. Ill. May 25, 2012); *Genzyme*, 2011 WL 686807, at *3; *Sorenson v. Digital Networks v. North Am. Inc.*, 2008 WL 152179, at *2 (N.D. Cal. Jan. 16, 2008).

The rest of DAT's argument — that a simple motion to dismiss should be handled before entering a stay — is intended to function as the something "more" that makes the reexamination period not just a delay, but an undue one. The Court, however, agrees with Plaintiff that DAT's argument is predicated on a misunderstanding of Rule 12(b)(6). As courts have explained repeatedly, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007); see also *In re Bill of Landing Transmission and Processing Sys. Patent Lit.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012); *Radiation Stabilization Solutions LLC v. Varian Med. Sys., Inc.*, 2012 WL 6021526, at *1 (N.D. Ill. Dec. 4, 2012). In reviewing Defendants' motion to dismiss, the Court would apply the usual standard governing Rule 12(b)(6) motions in this circuit. Accordingly, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint would have to comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the claim would have to be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

It is that last point that DAT has missed: in reviewing a Rule 12(b)(6) motion to dismiss, the Court assumes the complaint's factual allegations are true, and draws all reasonable inferences in Plaintiff's favor. See, e.g., *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Where Plaintiff has not made "utterly fantastic factual allegations" *Kadamovas v. Stevens*, No. 12-2669, Slip Op. at 3-4 (7th Cir. Jan. 14, 2013), a complaint is not subject to dismissal because a defendant insists that its allegations are false. Plaintiff's claims may fail as a matter of law — that is, once the Court construes the scope of the claims of Plaintiff's patent, Defendants' cabinet may not be "tiered," and so Defendants may prevail as a matter of law — but Plaintiff's allegations of infringement are not so obviously insufficient, speculative, or fantastic that its complaint should be summarily dismissed (or quickly dismissed, once briefing is complete), and refusing to do so now would be unfair to DAT. That conclusion is reinforced by the fact that the other Defendants have not joined DAT's opposition to a stay.

DAT will not be subjected to an undue or prejudicial delay by being required to wait until the PTO completes its reexamination of the '271 Patent — *a process that DAT itself initiated* — before the case moves forward or is rendered moot. Plaintiff's motion for a stay pending reexamination [30] is granted. In view of the stay, Defendants' motion to dismiss [21] is denied without prejudice.